STATE OF VERMONT
ENVIRONMENTAL COURT

Watchtower Wireless Cell Tower }          Docket No. 21-2-06 Vtec
    (Appeal of Watchtower Wireless) }

## Decision and Order on Pending Motions to Clarify or Dismiss

This matter concerns an appeal by Watchtower Wireless, LLC (Appellant-Applicant) from the dismissal by the District 2 Environmental Commission (District Commission) of Appellant's application to construct a 190-foot cellular communications tower off Randall Hill Road in the Towns of Springfield and Rockingham. In its Decision of January 11, 2006, the District Commission concluded that dismissal was warranted because Appellant-Applicant failed to provide the minimal evidence necessary for the Commission to review the proposed development. For the reasons more fully stated below, we have come to our own conclusion that Appellant-Applicant has not submitted the minimally sufficient information in support of its application to allow this Court to render positive findings under the applicable Act 250 criteria. We therefore dismiss Appellant-Applicant's appeal.

Appellant-Applicant is represented by Crawford Lyons, who is not an attorney or engineer, but who we understand to be Appellant-Applicant's agent. Other parties who have appeared in this proceeding include the Vermont Division for Historic Preservation of the Agency of Commerce and Community Development, Department of Housing and Community Affairs, which is represented by Julie Kelliher, Esq. and John Kessler, Esq.; the Windham Regional Planning Commission is represented here by its Executive Director, James P. Matteau; Interested Persons Robert and Margaret Stillman, are represented here by William E. Dakin, Jr., Esq.; and Interested Persons Karen Bledsoe, Michele Delhaye, Marita C. Johnson and Nancy Weeds, represent themselves.

Appellant-Applicant filed a memorandum arguing that the evidence thus far submitted in support of its application complies with all applicable Act 250 criteria. See 10 V.S.A. § 6086(a). Appellant-Applicant asserts that no professional analysis of the visual impact of the project is needed because the proposed structure is invisible from "almost all vantage points of original [sic] expressed concern," that his proposed cellular communications tower will create little or no erosion making an erosion control plan unnecessary, and that consultation with the Division for

1

Historic Preservation is not needed because existing vegetation blocks the view of the proposed structure and because the proposed tower's distance from the nearby historic district makes the tower extremely difficult to see. Notably, Appellant-Applicant's memorandum does not provide any factual foundation to justify the 190-foot height of the proposed tower. In response, the Windham Regional Planning Commission opposes Appellant-Applicant's application, as does the Division for Historic Preservation.

Interested Persons Robert and Margaret Stillman filed a Motion to Clarify or Dismiss Appellant's Statement of Questions. These are the only pre-trial motions pending before the Court.

## Factual Background

The following facts are undisputed unless otherwise noted:

1.      Appellant-Applicant originally filed its application for a 190-foot triangular co-location cellular communications tower in conjunction with Nextel WIP Lease Corp., d/b/a Nextel Partners, TBD, on November 2, 2004. Appellant proposes leasing an 80′ x 100′ parcel of land for an initial period of five years from the owners of a larger, 57.7-acre irregularly shaped parcel of land that straddles the Rockingham-Springfield town boundary. The larger parcel is also adjacent to Interstate 91.

2.      The cellular tower is proposed to be constructed approximately 75 feet from the larger parcel's northerly lot line in the Town of Springfield. The leased area has a generally flat topography with a slight downward slope to the east, as it sits easterly of a hill crest. It will be surrounded by a six-foot-tall chain-link fence.

3.      The tower site is proposed to be served by a ten-to-twelve-foot-wide extension of an existing farming and logging trail and driveway that runs northerly from Randall Hill Road along the easterly boundary of the larger 57.7-acre parcel. Beyond the end of the existing gravel road near the larger parcel's northerly lot line, Appellant-Applicant proposes constructing an extension of the gravel driveway that roughly follows the northerly boundary of the parcel and that will serve the tower from the north.

4.      Appellant also proposes using the existing logging trail as a gravel construction access road serving the leased parcel from the south, but no details were provided regarding when and how that construction road will be removed after construction.

5.      The lattice communications tower is proposed to be 190 feet high. It was originally proposed as the site for four antennae, but the current application does not include

specifics regarding the antenna proposed to be located on the tower. Appellant-Applicant cannot now identify the communications tenants that will occupy its tower, nor does Appellant-Applicant now offer any evidence as to why its possible future tenants will need the tower to be 190 feet tall. The proposed, yet-to-be leased tower has a twenty-four-foot base width that tapers to six feet at the top.

6. Appellant-Applicant also proposes a 25′ x 50′ building envelope to house the unidentified service providers' communications equipment just southerly of the tower itself. The only building proposed in the current application is an eleven-foot-high, twelve-foot-wide and twenty-foot-long communications shelter to house a future cellular provider's equipment that would be connected to the tower by one or more coax cables, proposed to be protected by an ice bridge.

7. In addition to the equipment shed, Appellant-Applicant also proposes a fuel tank and a meter bank to monitor utility usage. It has not provided specifics on what auxiliary power or utility usage its potential future tenant(s) may require.

8. Although no landscaping plan was presented, Appellant-Applicant's agent stated that a variety of mixed, maturing trees, including white pine, hemlock, oak, maple and cherry would screen the telecommunications structures below the trees' seventy-five-foot height. Once the trees reach maturity, they will likely be close to 100 feet tall and will screen the site's structures below 100 feet. Appellant-Applicant also maintains that one of the benefits of the proposed tower is that it is a lattice structure in a neutral grey color, which allows visual elements to been seen through the structure, thereby blending it in with the background.

9. In accordance with a District Commission request, sometime in the winter or spring of 2005, Appellant conducted a "balloon test" to gauge the visual impact of the proposed tower. Mr. Lyons conducted the balloon test himself and presented his own opinions as to the tower's aesthetic impact, based upon his observations of the balloon test. The balloon test indicated that only one of the neighboring properties on Randall Hill Road will be able to see the proposed tower. According to Appellant-Applicant's data, the tower will be visible from the Spofford Partners' property on Randall Hill Road about 1.1 miles from the project site. Mr. Lyons offered the opinion that the balloon test showed that while the proposed tower would likely be visible from this location, it will be "screened and diminutive." The balloon test also allowed Appellant-Applicant and others to gauge the proposed cellular tower's impact from highways in the area, particularly Interstate 91. The structure will be visible from Interstate 91.

3

While Appellant-Applicant concedes that the tower will be visible from these locations, Mr. Lyons maintains that the proposed tower will not pose a significant presence on the landscape and does not pose a threat to the aesthetics of the area. Mr. Lyons does not offer further factual foundation for his conclusions.

10. The proposed cellular communications tower will also be visible from the nearby Parker Hill Rural Historic District, which was placed on the National Register of Historic Places on May 20, 1993. This 2,000-acre historic district is centered on Lower Parker Hill, O'Brien, Cross (or Lawrence) and Parker Hill Roads in the Towns of Rockingham and Springfield, westerly of the proposed cellular communications tower. It was placed on the National Register because of its important upland rural/agricultural landscape and the buildings that accompany it.

11. Appellant-Applicant does not dispute that the panoramic views from the Parker Hill Rural Historic District are an important part of the neighborhood's designation. The views are described in detail in the National Register nomination. Appellant-Applicant failed to have clear pictures of the balloon test from the historic district and failed to have a State Historic Preservation Officer evaluate the impacts of the proposed cellular tower on the historic district. Instead, based on his own calculations and evaluation of the area, Mr. Lyons opines that nearby historic buildings will be unaffected and that the proposed tower's impact will be "innocuous." See Attach. to Appellant-Applicant's Mem., Ex. D-1, D-3.

12. Appellant-Applicant originally suggested that building this co-location cellular communications tower was necessary because there is a lack of coverage along Interstate 91 and U.S. Route 5 in the area. The closest communications towers are on Mount Ascutney, north of the proposed site, and on Mount Kilburn, across the Connecticut River from Bellows Falls, Vermont, in New Hampshire. Mr. Lyons asserts that the proposed tower site and its 190-foot height maximizes coverage, leading to fewer additional towers in the surrounding area, while minimizing shadows, particularly in the area around Exit 7 of Interstate 91. In addition to serving travelers on the adjacent Interstate and U.S. Route 5, the proposed tower also serves residents in Springfield and Rockingham.

13. After Appellant filed its application, the District Commission held public hearings on December 1 and December 14, 2004. After these two hearings, the Commission issued two Hearing Recess Memoranda, requesting more information on the proposed tower and its tenant(s). A third hearing was held on April 20, 2005, at which Appellant-Applicant failed to present evidence to resolve the outstanding issues identified by the District Commission in its

4

prior Hearing Recess Memoranda. As a result of the April hearing, a third Hearing Recess Memorandum was issued.

14. The District Commission later found that Appellant-Applicant did not fully respond to the Memoranda.

15. Co-applicant Nextel Partners withdrew its co-applicancy on October 21, 2005.

16. On November 23, 2005, the Commission informed Appellant-Applicant that it intended to dismiss the application. On December 1, 2005, the Commission issued a formal Intent to Dismiss an Inactive Application. In response, on December 14, 2005, Appellant-Applicant submitted a partial response to the Hearing Recess Memoranda and requested a hearing to address the unresolved issues.

17. In its January 11, 2006 Memorandum of Decision on Appellant's application (Land Use Permit Application #2S1189), the Commission found that Appellant-Applicant did not adequately respond to the Commission's requests for further necessary information regarding the proposed tower and its possible tenant(s). The Commission specifically determined that Appellant-Applicant's refusal to hire experts to present evidence on the application's compliance with the applicable Act 250 criteria, including a professional analysis of the visual impacts of the project under Criterion 8, 10 V.S.A. § 6086(a)(8), information regarding the minimum height of the cellular tower necessary for coverage as requested in the December 2004 and April 2005 Recess Memoranda, consultation with the Division for Historic Preservation to address issues related to nearby historic sites under Criterion 8, id., and an erosion control plan prepared by a professional engineer necessary for compliance with Criterion 4, 10 V.S.A. § 6086(a)(4), deprived the Commission of the minimal evidence needed to render positive findings on the applicable Act 250 criteria.

18. With the loss of Co-Applicant Nextel Partners as a tower tenant, the Commission found an absence of evidence as to the physical and technical requirements for possible future tower tenant(s), and whether Appellant-Applicant's proposed tower needed to be 190 feet tall to meet those requirements. The Commission specifically found that Appellant-Applicant's proposal lacked any evidence of a new cellular communications provider's compliance with Criteria 1 Air Pollution, 5 Traffic Safety, 9(F) Energy Conservation and 9(J) Public Utilities, 10 V.S.A. § 6086(a)(1), (5), (9). The Commission subsequently denied Appellant-Applicant's December request for an additional hearing and dismissed Appellant's application, reasoning that

5

Appellant-Applicant failed to meet its burden of production—the burden of coming forward with the minimal evidence necessary to render positive findings on the cited Act 250 criteria.

19.     Appellant-Applicant thereafter timely filed an appeal with this Court of the District Commission's January 11, 2006 dismissal. Appellant-Applicant has not filed new or additional evidence since initiating this appeal.

### Discussion

Interested Persons Robert and Margaret Stillman have filed a motion to dismiss Appellant-Applicant's appeal, or in the alternative, to clarify its Statement of Questions. We address the pending Motion to Dismiss first.

A motion to dismiss for failure to state a claim upon which relief can be granted should be denied, unless it is beyond doubt "that there exist no facts or circumstances that would entitle the plaintiff to relief." Amiot v. Ames, 166 Vt. 288, 291 (1997). When reviewing a motion to dismiss, this Court assumes that all factual allegations in the Statement of Questions are true, as well as all reasonable inferences that may be derived from Appellant-Applicant's pleadings. The Court also assumes that all contravening assertions in the movant's pleadings are false. Richards v. Town of Norwich, 169 Vt. 44, 48-49 (1999). Though this appeal is de novo, we are mindful that we are bound to apply the "substantive standards that were applicable before the tribunal appealed from." 10 V.S.A. § 8504(h).

In this instance, even assuming all of Appellant-Applicant's factual assertions are true, we can find no reason how Appellant-Applicant's permit application for the now proposed cellular communications tower can proceed on the evidence submitted. The District Commission dismissed Appellant-Applicant's proposal because of Appellant-Applicant's determination to not submit the minimal evidence necessary to assess its application. Appellant-Applicant has remained steadfast in its determination to not present further evidence. Without such evidence, we cannot fully consider the pending application. We must therefore dismiss the pending appeal.

In the course of this appeal, Appellant has not provided any further evidence, including testimony from a State Historic Preservation Officer, to support a finding that the proposed tower will not have an undue adverse effect on the neighboring Parker Hill Rural Historic District and other historic sites. Appellant-Applicant offers only its agent's assertion that there will be no impact, but provides no foundation for this assertion.

6

In any Act 250 appeal, this Court is obligated to determine whether the applicant has presented sufficient evidence to show that its project is in compliance with the applicable Act 250 criteria that have been preserved for appellate review. One of the criteria preserved for review in this appeal is Criterion 8, which requires a determination of whether a proposed project will have "an undue adverse effect on the scenic or natural beauty of the area, aesthetics, historic sites or rare and irreplaceable natural areas." 10 V.S.A. § 6086(a)(8).

Act 250 district commissions have traditionally relied upon the Division for Historic Preservation for its expertise in evaluating impacts on historic sites. In this case, Appellant-Applicant has declined the Commission's request that it seek input from the Division for Historic Preservation. Moreover, Appellant-Applicant has not presented a professional analysis of the visual impacts of the project to comply with 10 V.S.A. § 6086(a)(8). The only evidence presented on the visual impacts of the proposed tower was the conclusory statements by Mr. Lyons, who is not an expert in visual impacts, viewshed or aesthetic analyses.

We are not concluding here that only expert witness evidence can satisfy the evidentiary threshold on Criterion 8. However, in light of the undisputed evidence that the tower will have an impact on the surrounding neighborhoods and the nearby historic district, Mr. Lyons' unsupported opinion evidence provides an insufficient basis for us to render positive findings, even when viewed in a light most favorable to Appellant-Applicant and disregarding all contravening evidence presented by the other parties in this proceeding. A party who relies on conclusory statements or allegations alone risks dismissal of its action. Robertson v. Mylan Laboratories, Inc., 2005 VT 15, at ¶ 15 (citing Gore v. Green Mountain Lakes, Inc., 140 Vt. 262, 266 (1981)). Appellant-Applicant has brought about the dismissal of its own application by taking such a risk here.

Lastly and perhaps of most importance, Appellant-Applicant can no longer provide any detailed evidence to support the need for the requested height of the proposed tower because no cellular communications provider has come forward proposing to install antennae on this tower. Without a cellular provider to use the tower, Appellant-Applicant is unable to present any evidence justifying a need for the tower itself, let alone that the 190-foot tower height is the minimum needed to provide effective and adequate cellular coverage for the area.

Appellant-Applicant requests that this Court make a determination on the other Act 250 criteria for which satisfactory information is available. In light of our decision that Appellant-Applicant lacks justification for the height of his proposed tower, we cannot review the proposed

cellular communications tower's impacts on the other Act 250 criteria because the Court lacks an adequately developed factual record from which to make a decision on those criteria. The District Commission below never reached these issues before dismissing Appellant-Applicant's application. As the Vermont Supreme Court recently instructed in In re 232511 Investments, Ltd., 2006 VT 27, ¶ 19, "We must have an actual case or controversy before us to render a decision." Id. (citing Parker v. Town of Milton, 169 Vt. 74, 77, (1998)).

Until Appellant-Applicant files an application with sufficient evidence and expert analysis for the District Commission to render a decision on the application and its compliance with the Act 250 criteria, this Court cannot pass judgment on a hypothetical cellular tower with an unjustified 190-foot height. Any conclusion we might reach would be advisory. See In re Appeal of Bennington School, Inc., 176 Vt. 584,586 (2004)(mem.) (refusing to render an opinion as to whether a hypothetical student housing proposal, which had not actually been presented to the zoning board, would require a conditional use permit). "Such purely advisory opinions are outside our jurisdictional power." Id.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Interested Persons Robert and Margaret Stillman's motion to dismiss is **GRANTED.** Appellant's application for a 190-foot-high cellular communications tower on Randall Hill Road is **DISMISSED**. In light of the Court's dismissal of the pending application, the pending motion for clarification of Question 1 of Appellant-Applicant's Statement of Questions becomes moot. Nothing contained in this Decision should be regarded as prohibiting Appellant-Applicant from submitting a new application with the District Commission, once it has satisfied the evidentiary deficiencies cited here. A Judgment Order accompanies this Decision.

Done at Berlin, Vermont, this 23rd day of August, 2006.

_____
Thomas S. Durkin, Environmental Judge